UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>        Petitioner,<br><br>    v.<br><br>J. MACOMBER,<br><br>        Respondent. | No. 1:20-cv-01323-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE<br><br>(Doc. Nos. 1, 6) |

      Petitioner Gregory W. Stewart is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal habeas petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. After reviewing the petition under Rule 4 of the Rules Governing § 2254 Cases, the assigned magistrate judge found that petitioner had presented a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b)(1) and, as a result, recommended that the petition be dismissed. (Doc. No. 6 at 1–2.) Petitioner objected to the magistrate judge's findings and recommendations on October 7, 2020. (Doc. No. 9.)

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds that the

magistrate judge's findings and recommendations are supported by the record and proper analysis and that plaintiff's objections fail to meaningfully address the magistrate judge's analysis.

The court now turns to whether a certificate of appealability should be issued. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations (Doc. No. 6), filed September 18, 2020, is ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **October 19, 2020**

_____
UNITED STATES DISTRICT JUDGE